**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------X
ALFORD HIGGINS,

                              Plaintiff,
*on behalf of himself and all others similarly situated*,

                -against-

CABS HOME ATTENDANT SERVICES, INC.,

                             Defendant.
---------------------------------------------------X

CIVIL ACTION NO. 24CV4439

**COLLECTIVE & CLASS ACTION COMPLAINT**

**PLEASE TAKE NOTICE** that Plaintiff, as and for a *Collective & Class Action Complaint* against Defendant, alleges as follows:

    1. Plaintiff Alford Higgins ("Plaintiff") seeks damages, injunctive and declaratory relief, costs and attorneys' fees against Defendant CABS Home Attendant Services, Inc. ("Defendant") for unpaid and late paid and/or deducted minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; and the New York Labor Law ("NYLL") §§ 191, 193 and 652.

**A. NATURE OF THE ACTION**

    2. Plaintiff brings its FLSA and NYLL claims through this Collective and Class action on behalf of similarly situated hourly employees (the "Collective" and/or "Class"), to seek redress for late and/or non-payment of minimum and overtime wages against Defendant, who is a provider of home healthcare services in and around the City of New York and its metropolitan area.

    3. Defendant, by failing to pay promptly and completely Plaintiff, the Collective and the

Class the federal and state mandated minimum and overtime wage, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq*.

4. Plaintiff brings this action on behalf of himself and all former and current hourly non-exempt employees of Defendant at any point in time between June 10, 2021 and present who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiff and others similarly situated of prompt, complete payment of their lawful minimum and overtime wages.

5. Plaintiff also bring this action on behalf of himself and all former and current hourly non-exempt employees of Defendant at any point in time between June 10, 2018 and present who elect to not opt out of this action pursuant to the NYLL, to remedy Defendant's violations of the wage and hour provisions of the NYLL which deprived Plaintiff and others similarly situated of prompt and complete payment of their lawful minimum and overtime wages.

6. Plaintiff hereby seeks legal and declaratory relief against Defendant pursuant to the FLSA and NYLL.

**B. JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) as Defendant resides, conducts business and employed Plaintiff in this judicial district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## C. PARTIES

10. Plaintiff is an adult individual who, at all times relevant to this Complaint, was a resident citizen of the state of New York, County of Kings.

11. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the FLSA and NYLL.

12. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA and NYLL.

13. Defendant CABS Home Attendant Services, Inc. ("CABS") is a not for profit corporation doing business within the state and City of New York that maintains its principal place of business at 44 Varet Street, Brooklyn, NY 11206.

14. Defendant was at all times herein relevant an enterprise engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 from 2020 to present, and Plaintiff and others worked for Defendant in interstate commerce using the mails and wires and handling items which moved in interstate commerce, including but not limited to hammers, nails, tools, pens, papers, two-way radios, computers, office furniture, office equipment, office supplies, telephones, *inter alia*.

## D. STATEMENT OF FACTS

15. Defendant at all relevant times herein employed Plaintiff as a full-time Home Attendant and/or Home Health Aide in Brooklyn, New York.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

16. Plaintiff worked for Defendant full-time from March 2017 until present.  Plaintiff spent most of his work time on his feet, walking, standing, cleaning, handling and carrying files, papers, medical equipment, tools, materials and supplies.

17. The job duties of Plaintiff, the Collective and the Class included, but were not limited to the following: assistance with daily living tasks, like toileting, eating, medicating; customer service, general labor; heavy and light cleaning and companionship.

18. Defendant had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of Plaintiff, the Collective and the Class. Plaintiff, the Collective and the Class were paid on a W-2 basis and evaluated by Defendant.

19. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

20. Plaintiff, the Collective and the Class worked eight (8), twelve (12) or twenty-four (24) hour shifts for Defendant and at all times herein relevant Defendant required Plaintiff, the Collective and the Class to attend to and monitor their assigned posts and assigned consumers throughout the duration of their respective work shifts; and controlled the manner in which Plaintiff did so in terms of frequency, priority and documentation, *inter alia*.

21. 25. Defendant at all times monitored Plaintiff's, the Collective's and the Class' compliance with Defendant's guidelines, procedures and policies to ensure compliance therewith in the discharge of Plaintiff's job duties.

22. Throughout the duration of Plaintiff's tenure, Defendant required Plaintiff, the Collective and the Class to punch in and out every day in order to track hours worked.

23. Defendant paid Plaintiff, the Collective and the Class on an hourly basis.

24. Throughout the duration of Plaintiff's tenure, Defendant paid Plaintiff, the Collective

...

and the Class late, up to one (1) month after the end of the second workweek in each bi-weekly pay period. (Attached as Exhibit 1).

25. At all relevant times, Defendant failed to pay promptly Plaintiff, the Collective and the Class minimum and overtime wages each week, in violation of the overtime provisions of the FLSA and NYLL.

26. At all relevant times, Defendant failed to pay completely Plaintiff, the Collective and the Class overtime wages each week, in violation of the overtime provisions of the FLSA and NYLL, by failing to combine hours worked at different hourly rates when calculating the 'regular rate' for overtime purposes. (See Exhibit 1).

27. At all relevant times, Defendant made deductions from the wages of Plaintiff, the Collective and the Class minimum and overtime wages each week, in violation of the overtime provisions of the FLSA and NYLL, including but not limited to when Defendant paid wages after when due.

28. For example, on 08/04/2023, Defendant paid some of Plaintiff's wages from 07/06/2023 – 07/09/2023, approximately one (1) month after said wages were earned. (See Exhibit 1).

29. For example, on 09/15/2023, Defendant paid some of Plaintiff's wages from 08/01/2023 – 08/06/2023, over one (1) month after said wages were earned. (See Exhibit 1).

30. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL including but not limited to failing to pay promptly and completely Plaintiff, the Collective and the Class minimum wage and overtime for all hours worked in excess of forty (40) per week.

31. Upon information and belief, Defendant's unlawful conduct as described herein was

pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

32. Defendant's unlawful conduct has been widespread, repeated and consistent; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

33. Throughout Plaintiff's tenure, Plaintiff's delayed, or late paid, wages caused him to incur late fees, interest and other liabilities related to non-prompt payment of its wages, in violation of both the letter and spirit of the FLSA and NYLL.

### E. COLLECTIVE ALLEGATIONS

34. Plaintiff bring the FLSA claims on behalf of himself and all former and current hourly non-exempt employees paid on a bi-weekly frequency of pay at Defendant's Brooklyn Facility at any point in time between August 23, 2020 and August 23, 2023 ("FLSA Collective").

35. Defendant is liable under the FLSA for failing to properly and promptly pay the minimum wage and overtime wages for all hours worked greater than forty (40) per week. As such, notice should be sent to the FLSA Collective.

36. There are numerous similarly situated current and former employees of Defendant who have been similarly under or late paid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

### F. CLASS ALLEGATIONS

37. Plaintiff sues on his own behalf and on behalf of a Class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

38. In addition to bringing this action as a proposed Collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class",

under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of: all former and current hourly non-exempt employees paid on a bi-weekly frequency of pay at Defendant's Brooklyn Facility at any point in time between August 23, 2017 and August 23, 2023.

39. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class is so numerous that joinder is impracticable.

40. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 Class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

41. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Proposed Class as a whole.

42. 44Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and Class action litigation.

43. Plaintiff will fairly and adequately protect the interests of the Proposed Class. Plaintiff understands that, as Class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that Plaintiff must consider

their interests just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class Members.

44. Plaintiff recognizes that any resolution of a Rule 23 Class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

45. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

46. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class.

**1st CAUSE OF ACTION: MW & OVERTIME (29 U.S.C. §§ 206, 207, 216)**
**(On Behalf of Plaintiff and Collective Members)**

47. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

48. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

49. Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

50. At all times relevant to this action, Plaintiff and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

51. At all times relevant to this action, Plaintiff and the Collective were engaged in commerce and Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. Defendant violated the rights of Plaintiff and the Collective by failing to pay

promptly and completely minimum wage and overtime, in violation of the FLSA, 29 U.S.C. §§ 206-07.

53. Defendant's failure to pay promptly and completely Plaintiff and the Collective minimum wage and overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

54. Defendant is liable to Plaintiff and the Collective who opt in to this action for their late paid and unpaid minimum wage and overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**2nd CAUSE OF ACTION: NYLL MW & OVERTIME (Labor Law §§ 652, 663)**
**(On Behalf of Plaintiff and Class Members)**

55. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

56. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of NYLL § 651(5).

57. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 651(6).

58. At all times relevant to this action, Defendant failed to pay promptly and completely Plaintiff and the Class minimum wage and overtime wages for all hours worked greater than forty (40) per week in violation of NYLL § 652 and 12 N.Y.C.R.R. § 142-2.2.

59. Defendant willfully violated the rights of Plaintiff and the Class by failing to pay promptly and completely minimum wage and overtime wages due and owing for work performed in violation of NYLL.

60. Due to Defendant's NYLL violations, Plaintiff and the Class are entitled to recover

10

from Defendant their unpaid and late paid minimum wage and overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**3rd CAUSE OF ACTION: NY UNPAID WAGES (Labor Law §§ 191, 193, 198)**
**(On Behalf of Plaintiff and Class Members)**

61. Plaintiff allege and incorporate by reference the allegations contained in all preceding paragraphs.

62. At all times relevant to this action, Plaintiff were Defendant's employees within the meaning of NYLL § 190(2).

63. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 190(3).

64. At all times relevant to this action, Defendant failed to pay promptly (weekly) and completely Plaintiff's and the Class' minimum wage and overtime wages, and/or deducted amounts therefrom, in violation of NYLL §§ 191 and 193.

65. Defendant willfully violated the rights of Plaintiff and the Class by failing to pay promptly and completely minimum and overtime wages due and owing for work performed in violation of NYLL.

66. Due to Defendant's NYLL violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid and late paid minimum wage and overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 198.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be permitted to give notice of this Collective action, or that the Court issue such notice to all former and current hourly non-exempt employees of Defendant at any point in time between June 4, 2021 and present. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied promptly paid compensation and/or overtime wages;

B. An award of unpaid minimum wage and overtime and an equal amount in liquidated damages pursuant to 29 U.S.C. § 216 and NYLL §§ 663 and 198;

C. Certification of this case as a Collective action pursuant to 29 U.S.C. § 216 and a NYLL Class action pursuant to FRCP 23;

D. Designation of Plaintiff as representative of the Collective and Class, and counsel of record as Collective and Class Counsel; and

E. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

F. Issuance of a permanent injunction directing Defendant to comply with the FLSA and the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact.

Dated:  Brooklyn, New York

June 23, 2024

                                                                                                                    _____/s/_____
                                                                                         LAW OFFICE OF DAVID WIMS
                                                                      BY: David C. Wims, Esq. (DW-6964)
                                                                            *Attorneys for Plaintiff*
                                                                         1430 Pitkin Ave., 2nd Fl.
                                                                              Brooklyn, NY 11233
                                                                               (646) 393-9550

**EXHIBIT 1**

**EXHIBIT 1**

Oct.06.2023   04:30 PM                                                                                               PAGE.  3/ 11

**CABS Home Attendants Service Inc**
44 Varet Street
Brooklyn, NY 11206
(718) 388-0220

**ALFORD HIGGINS**
Employee Id
Hire Date
Employee Status          A



Voucher Number: 123846
Check Date         08/04/2023
Period Begin       07/15/2023
Period End         07/28/2023

### Pay Details

| Earnings | Hours | Rate | Amount | YTD |
|---|---|---|---|---|
| Holiday | 0.00 | | 0.00 | 1,077.33 |
| Regular | 55.75 | 17.00 | 947.75 | 10,610.30 |
| Weekend Hours | 46.25 | 18.10 | 837.13 | 6,457.20 |
| Value Based Pay | 0.00 | | 0.00 | 102.00 |
| 7th Day OT | 17.50 | 24.50 | 428.75 | 3,068.63 |
| Bonus | 0.00 | | 0.00 | 182.76 |
| In Service | 0.00 | | 0.00 | 102.00 |
| Overtime | 16.25 | 25.67 | 417.14 | 1,001.43 |
| Overtime | 6.00 | 25.69 | 154.14 | |
| PTO HRA Pay Out | 0.00 | | 0.00 | 525.00 |
| Time In Medical | 0.00 | | 0.00 | 25.50 |
| | 141.75 | | 2,784.91 | 23,152.35 |

| Taxes | Taxable | Amount | YTD |
|---|---|---|---|
| Federal Income | S- | 2,784.91 | 315.01 | 1,219.85 |
| OASDI | | 2,784.91 | 172.67 | 1,435.45 |
| Medicare | | 2,784.91 | 40.38 | 335.71 |
| New York SITW | S-0 | 2,784.91 | 131.19 | 939.01 |
| New York Paid F | | 2,784.91 | 12.67 | 105.34 |
| New York, NY (R | S-0 | 2,784.91 | 98.11 | 694.61 |
| | | 770.03 | | 4,729.97 |

| Deductions | Amount | YTD |
|---|---|---|
| Colonial Life Insurance P | 0.00 | 117.12 |
| Medical Post Tax | 10.00 | 70.00 |
| Security Mutual Post Tax | 31.82 | 477.30 |
| Union Dues | 32.00 | 233.13 |
| | 73.82 | 897.55 |

### Other Info

| Direct Deposits | Amount |
|---|---|
| CITIBANK NA  ****3461 | 1,941.06 |
| | 1,941.06 |

| Time Off Balances | Accrued | Balance |
|---|---|---|
| HRACARRY | 0.00 | 0.55 |
| MCOCARRY | 0.00 | 0.00 |
| PTO HRA | 6.92 | 61.00 |
| PTO MCO | 0.00 | 0.00 |

The benefit portion of the Wage Parity:
1199 Benefit Funds (Health, Pension, Education):   $2.72
PTO:                                                $0.88
Holidays/Differentials/Supplements:                 $0.49
Total                                               $4.09

### Statement Summary

| | |
|---|---|
| Gross Pay | 2,784.91 |
| Federal Taxes | -528.06 |
| State and Local Taxes | -241.97 |
| Other Deductions | -73.82 |
| Net Pay | 1,941.06 |
| Direct Deposits | 1,941.06 |
| Net Check | 0.00 |

| Punches | Hours | Rate | Comment |
|---|---|---|---|
| 07/06 | 6.00 | 17.0000 | BROWN, ALEC |
| 07/07 | 6.00 | 17.0000 | BROWN, ALEC |
| 07/08 | 8.00 | 18.1000 | BROWN, ALEC |
| 07/09 | 8.00 | 18.1000 | BROWN, ALEC |
| 07/15 | 8.00 | 18.1000 | BROWN, ALEC |
| 07/16 | 8.00 | 18.1000 | BROWN, ALEC |
| 07/17 | 6.00 | 17.0000 | BROWN, ALEC |
| 07/18 | 6.00 | 17.0000 | BROWN, ALEC |
| 07/19 | 6.00 | 17.0000 | BROWN, ALEC |
| 07/20 | 6.00 | 17.0000 | BROWN, ALEC |
| 07/21 | 6.00 | 24.5000 | BROWN, ALEC |
| 07/22 | 8.00 | 18.1000 | BROWN, ALEC |
| 07/23 | 6.25 | 18.1000 | BROWN, ALEC |
| 07/24 | 6.00 | 17.0000 | BROWN, ALEC |
| 07/25 | 12.00 | 17.0000 | BROWN, ALEC |
| 07/26 | 7.75 | 17.0000 | BROWN, ALEC |
| 07/26 | 4.25 | 25.6700 | BROWN, ALEC |
| 07/27 | 12.00 | 25.6700 | BROWN, ALEC |
| 07/28 | 11.50 | 24.5000 | BROWN, ALEC |

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼

---

**CABS Home Attendants Service Inc**
44 Varet Street
Brooklyn, NY 11206

Voucher Date
08/04/2023

Voucher Number
123846

***** This is not a check *****

4031D 2089 123846 348

Pay to
the order of:



ALFORD HIGGINS

Direct Deposit Amount    $ ******1941.06

DOCUMENT CONTAINS BLUE PANTOGRAPH & MICROPRINTING. BACK HAS THERMOCHROMIC INK & A WATERMARK, HOLD AT AN ANGLE TO VIEW. VOID IF NOT PRESENT.

Oct.06.2023   04:35 PM

PAGE. 11/ 11

**CABS Home Attendants Service Inc**
44 Varet Street
Brooklyn, NY 11206
(718) 388-0220

**ALFORD HIGGINS**
Employee Id
Hire Date
Employee Status            A



Voucher Number: 126182
Check Date         09/15/2023
Period Begin       08/26/2023
Period End         09/08/2023

## Pay Details

| Earnings | Hours | Rate | Amount | YTD |
|---|---|---|---|---|
| Holiday | 12.00 | 34.00 | 408.00 | 1,485.33 |
| Regular | 32.00 | 17.00 | 544.00 | 12,752.30 |
| Weekend Hours | 36.00 | 18.10 | 651.60 | 8,194.80 |
| Value Based Pay | 0.00 | | 0.00 | 102.00 |
| 7th Day OT | 12.00 | 25.50 | 306.00 | 3,815.63 |
| Bonus | 0.00 | | 0.00 | 182.76 |
| In Service | 0.00 | | 0.00 | 102.00 |
| Overtime | 4.00 | 25.68 | 102.72 | 1,926.43 |
| Overtime | -2.00 | 25.69 | -51.38 | |
| Overtime | 20.00 | 25.70 | 514.00 | |
| PTO HRA Pay Out | 0.00 | | 0.00 | 525.00 |
| Time In Medical | 0.00 | | 0.00 | 25.50 |
| | 114.00 | | 2,474.94 | 29,111.95 |

| Taxes | | Taxable | Amount | YTD |
|---|---|---|---|---|
| Federal Income | S- | 2,474.94 | 246.81 | 1,740.05 |
| OASDI | | 2,474.94 | 153.45 | 1,804.94 |
| Medicare | | 2,474.94 | 35.88 | 422.12 |
| New York SITW | S-0 | 2,474.94 | 114.14 | 1,200.84 |
| New York Paid F | | 2,474.94 | 11.26 | 132.46 |
| New York, NY (R | S-0 | 2,474.94 | 84.94 | 888.63 |
| | | | 646.48 | 6,189.04 |

| Deductions | Amount | YTD |
|---|---|---|
| Colonial Life Insurance P | 0.00 | 117.12 |
| Medical Post Tax | 10.00 | 100.00 |
| Security Mutual Post Tax | 31.82 | 572.76 |
| Union Dues | 0.00 | 265.13 |
| | 41.82 | 1,055.01 |

## Statement Summary

| | |
|---|---|
| Gross Pay | 2,474.94 |
| Federal Taxes | -436.14 |
| State and Local Taxes | -210.34 |
| Other Deductions | -41.82 |
| Net Pay | 1,786.64 |
| Direct Deposits | 1,786.64 |
| Net Check | 0.00 |

| Punches | Hours | Rate | Comment |
|---|---|---|---|
| 08/01 | 4.00 | 17.0000 | BROWN, ALEC |
| 08/01 | 8.00 | 25.7000 | BROWN, ALEC |
| 08/06 | 6.00 | 18.1000 | BROWN, ALEC |
| 08/26 | 8.00 | 18.1000 | BROWN, ALEC |
| 08/27 | 6.00 | 18.1000 | BROWN, ALEC |
| 08/28 | 6.00 | 17.0000 | BROWN, ALEC |
| 08/29 | 6.00 | 17.0000 | BROWN, ALEC |
| 08/30 | 6.00 | 17.0000 | BROWN, ALEC |
| 08/31 | 6.00 | 17.0000 | BROWN, ALEC |
| 09/01 | 6.00 | 25.5000 | BROWN, ALEC |
| 09/02 | 10.00 | 18.1000 | BROWN, ALEC |
| 09/03 | 6.00 | 18.1000 | BROWN, ALEC |
| 09/04 | 12.00 | 34.0000 | BROWN, ALEC |
| 09/05 | 6.00 | 17.0000 | BROWN, ALEC |
| 09/06 | 6.00 | 17.0000 | BROWN, ALEC |
| 09/07 | 6.00 | 25.6900 | BROWN, ALEC |
| 09/08 | 6.00 | 25.5000 | BROWN, ALEC |

## Other Info

| Direct Deposits | | Amount |
|---|---|---|
| CITIBANK NA | ****3461 | 1,786.64 |
| | | 1,786.64 |

| Time Off Balances | Accrued | Balance |
|---|---|---|
| HRACARRY | 0.00 | 0.55 |
| MCOCARRY | 0.00 | 0.00 |
| PTO HRA | 6.58 | 78.31 |
| PTO MCO | 0.00 | 0.00 |

The benefit portion of the Wage Parity:
1199 Benefit Funds (Health, Pension, Education):   $2.72
PTO:                                                $0.88
Holidays/Differentials/Supplements:                 $0.49
Total                                               $4.09

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼

---

**CABS Home Attendants Service Inc**
44 Varet Street
Brooklyn, NY 11206

Voucher Date
09/15/2023

Voucher Number
126182

***** This is not a check *****

Direct Deposit Amount   $ ******1786.64

4031B 2089 126182 353

Pay to
the order of:   **ALFORD HIGGINS**


DOCUMENT CONTAINS BLUE PANTOGRAPH & MICROPRINTING. BACK HAS THERMOCHROMIC INK & A WATERMARK. HOLD AT AN ANGLE TO VIEW. VOID IF NOT PRESENT.